IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARCUS E ADAMS Pro se | § | |
| Vs. | § | CASE NO. |
| THE CITY of TAFT | § | **2:22-CV-218** |
| Melissa Gonzalez officially *and individually* | § | JURY DAMAND |
| Joe Sandoval *officially and individually* | § | |

United States Courts
Southern District of Texas
FILED

SEP 0 8 2022

Nathan Ochsner, Clerk of Court

United States Courts Southern
District of Texas
FILED
*9/20/2022*
Nathan Ochsner, Clerk of Court

## ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Marcus E. Adams, filing this original petition, bringing this action against the City of Taft, Texas, and Joe Sandoval *individually*, as said Defendant[s] have denied Plaintiff his rights as guaranteed by the Constitution and laws of the United States of America and/ or the State of Texas.

### JURISDICTION AND VENUE

1.  This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) 28 U.S.C. § 1332. This court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear the state claims that will be set forth in this complaint. Venue is proper in the Southern District of Texas, Corpus Christi Division, as this is the district where the claim arose in accordance to U.S.C. § 1391(b). This Court has jurisdiction over Plaintiff's related state and common law claims pursuant to the doctrine of supplemental

1

jurisdiction, 28 U.S.C. § 1367. This Court has personal jurisdiction over Defendant[s] because these unlawful acts were purposefully supported by criminal activity.

## PARTIES

2. Plaintiff Marcus E. Adams (hereinafter "Marcus E. Adams") is a resident of Taft Texas, San Patricio County, Texas.

3. Defendant City of Taft, Texas, (hereinafter "City") is a political subdivision of the State of Texas.

4. Defendant[s] Joe Sandoval ("*Public Works Director*") was at all times material to this suit. Each of the acts complained of herein arises from the conduct of Defendants while under, color of office, color of title, and color of authority were committed during their employment and authority with the City of Taft. Defendant[s] may be served with citations at their place of employment, 501 Green Ave, Taft, Texas 78390.

## FACTS

5. Whenever, in this complaint it is alleged that any Defendants and/or persons employed by Defendant did any act, thing, and/or omission, it is meant that Defendant and/or Defendants officers, agents, servants, employees or representatives did such act, thing and/or omission and that at that time it was done with full authorization and/or ratification of Defendant.

6. On or about April 12th, 2022 on or about 1850hrs I, Marcus Adams was located at the *Taft Kiva Hut* owned exclusively by the City of Taft, when the incident occurred. In their official capacity I approached the councilmen when it was my turn to give my

2

input/thoughts when it came to the city itself breaking local and state laws. Before speaking... I specifically stated that I have no ill will towards the Public Works Director *Joe Sandoval*, but to use city vehicles on the public streets uninsured and un-registered for 5 years is beyond breaking laws and cannot be ignored. I also stated that, it was a public liability for the city and needs immediate attention. Mary Sandoval ("*Human resources Director*") and the city council are complicit to continue to let this happen. I was concerned that someone would eventually get seriously hurt and the city would be liable for everything. TML stated that they have never insured that vehicle and wanted the Vin-number 1FDYL90A5NVA37543 and proof of inspection and registration to insure it. The city manager tried to pass off documents to fool the public and say this vehicle was insured and it was in fact not legally insured or registered *"thus,"* making these vehicles and trailers illegal to be on public streets, roads or highways. When I was finished advising the city and city council of these said issues, *Joe Sandoval* ("*Public Works Director*") Called me a (*"Nigger"*) in Spanish with a threat behind the statement. The City Manager in fact stated to me, "what do you think is going to happen now"? This is how the City of Taft retaliates against its citizens by verbally threatening them, and Racism. This city has a (*Pattern and Practice*) of racism and has been sued before. This MUST stop because no one should have to be harassed and have their Civil Rights molested in any way. Its unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States.

## FIRST CLAIM FOR RELIEF

7. **SECTION 1983.** The Civil Rights act of 1987 (Ku Klux Klan act), now codified as U.S.C. § 1983 as federal law provides: "every person who, , under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. 1983. Although a 42 U.S.C 1983 "IS A STAND ALONE" ... certain violations do in fact apply.

8. **Equal Protection Claims:** Equal Protection claims can be brought where one class of people is treated differently than another by a Federal, state or local government or its officials. This is the case when minorities bring discrimination claims against governmental entities.

[1]9. **42.07 - - Harassment**

(a) A person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, the person initiates communication and in the course of the communication makes a comment, request, suggestion, or proposal that is obscene;

10. **Discriminatory Harassment**

---

[1] The public works director called me a ("Nigger") in Spanish. ("Pinche Mayate") piensa que es la mierda!

4

Discriminatory harassment is **injury or intimidation, by force or threat of force**, that Interferes with a person's civil or constitutional rights; and is motivated, in whole or in part, by that person's actual or perceived group identity.

11.     <u>1983 - Municipal liability</u>. It is also well-established that municipalities are liable under 42 U.S.C. 1983 for constitutional torts that are in compliance with the municipality's customs, practices, policies or procedures. See *Monroe V. Pape* A municipality is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision-making channels. In this case, the City of Taft is liable because it sanctioned the custom, practice and/or policy or procedure of illegal searches, illegal seizures and/or violating their rights to be free of unwanted search and seizure. Defendants' actions were a customary practice and/or policy or procedure that was sanctioned by the City of Taft out of which deprived Plaintiff of his civil rights by statute and by both the Texas and United States Constitutions. Liability for the City of Taft is established under S-1983 because the violations, with little or no justification, and/or to overstep the bounds of search and seizures is a persistent, widespread practice of city/county employees -- namely *Joe Sandoval* -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official municipal policy. The City of Taft has actual or constructive knowledge of this practice, custom, and/or policy or procedure and sufficiently numerous prior incidents of *Joe Sandoval* and numerous officers' harassment establishes custom and accession to that custom by the City's policy makers. The City of Taft unspoken policy of harassing its citizens is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory rights will follow the decision. In

the alternative, the City of Taft is liable under 1983 for failure to adopt a policy precluding officers and directors from violating citizens' rights because such failure to adopt such a policy is one of intentional choice.

12.     Moreover, the City of Taft is liable for inadequate training of employees /officers under §1983. Liability attaches to the City of Taft because the City's failure to train amounts to deliberate indifference to the rights of the persons with whom the police come in contact. In particular, Plaintiff alleges that the training program in relation to the tasks the particular officer must perform is inadequate in the respect that the program fails to teach the parameters of searches and seizures as they pertain to the violation of citizens' constitutional rights. As such, the deficiency in training actually caused Defendant[s] to violate Plaintiff's constitutional rights.

13.     **Discriminatory Harassment can include a range of verbal or physical behavior, including:**

- Offensive jokes
- Demeaning remarks
- Name-calling, offensive nicknames, or slurs
- Offensive pictures or objects, including pornographic images
- Bullying
- Physical assaults
- Threats
- Intimidation

## SECOND CLAIM FOR RELIEF - -22.01- -DISCRIMINATORY CIVIL ASSAULT

14. An offense that is an intentional tort… Civil assault is also called by other names, including simple assault and tortious assault. A person the actor knows is a public servant while the public servant is lawfully discharging an official duty, or in retaliation or on account of an exercise of official power or performance of an official duty as a public servant; Specifically, civil assault can be found when the person committing the assault the (*"defendant"*), creates a reasonable apprehension (dread or fear) in the victim (the plaintiff), of an immediate harm or offensive contact to the plaintiff's person. The defendant must have had the intent to cause the assault. Actual harm or damages are not required for a claim of civil assault to exist.

## Title 42, U.S.C., Section 14141 - Pattern and Practice

15. This civil statute was a provision within the Crime Control Act of 1994 and makes it unlawful for any governmental authority, or agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States

16. Whenever the Attorney General has reasonable cause to believe that a violation has occurred, the Attorney General, for or in the name of the United States, may in a civil action

obtain appropriate equitable and declaratory relief to eliminate the pattern or practice. Types of misconduct covered include, among other things:

a) Excessive Force

b) Discriminatory Harassment

c) False Arrest

d) Unlawful stops, searches or Arrest

### THIRD CLAIM FOR RELIEF - - Texas - - Intentional Infliction of Emotional Distress

**17.** The claims brought by Plaintiff under this section only apply to *Joe Sandoval* in his individual capacity. Any reference to "Defendant(s)" in this section only applies to *Joe Sandoval* and does not include Defendants City. Furthermore, said claims are brought in the alternative should it be found that *Joe Sandoval* was not working within his capacity as a Public Works Director.

**18.** As a pendent state cause of action, at all times material and relevant herein, *Joe Sandoval*, by acts and/or omissions and under color of state law, intentionally and/or recklessly inflicted emotional duress upon Mr. Adams, thereby he claims the tort of intentional infliction of emotional distress. Mr. Adams alleges that *Joe Sandoval* acted intentionally and/or recklessly while telling him and further alleges that such conduct was extreme and outrageous. The actions of *Joe Sandoval* caused Mr. Adams to suffer emotional distress; and the emotional distress suffered by him was so severe that it required treatment - - no reasonable person should be expected to endure such.

8

## DAMAGES

**19.** As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Mr. Adams has been caused to suffer general damages which include but are not limited to the following: both physical and emotional injury, including but not limited to - - pain and suffering, emotional and mental distress, and personal humiliation and shock. Mr. Adams seeks ONE MILLION DOLLARS- - in damages.

**20.** Said injuries have caused Mr. Adams to incur special damages.

**21.** Pursuant to the Civil Rights Award Act, 42 U.S.C. 1988, a prevailing party in a S 1983 case is entitled to recover his costs and fees. Hence, Mr. Adams further prays for all costs and fees associated with bringing the present case to trial.

**22.** In addition, Mr. Adams prays for punitive damages against *Joe Sandoval*. Punitive damages are designed to punish and deter persons such as Defendant who has engaged in egregious wrongdoing. Punitive damages may be assessed under 1983 when a Defendant'[s] conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally-protected rights of others. While municipal defendants are absolutely immune from 1983 awards of punitive damages, such damages may be awarded against a public employee or official in their capacity. Therefore, Mr. Adams alleges and prays for punitive damages against *Joe Sandoval*, in the amount of FOUR HUNDRED THOUSAND DOLLARS because the Defendant actually knew that his conduct was not only reckless, it was also racist! unconstitutional, and/or was callously indifferent to its legality.

**WHEREFORE PREMISES CONSIDERED,** Mr. Adams prays that upon trial of the merits, he recovers compensatory damages against Defendants, jointly and severally; that Mr. Adams also recovers punitive damages against the individual Defendants in an amount of $1,400.000-- ONE MILLION FOUR HUNDRED THOUSAND DOLLARS to punish and/or deter and to make an example of those Defendants in order to prevent similar future conduct; and that Mr. Adams recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation. Moreover, Mr. Adams prays for all pre-judgement and post judgement interest that can be assessed against the Defendants in the event of recover; and that Mr. Adams recover against each Defendant any and all other general or specific relief to which he proves himself justly entitled.

*Respectfully Submitted,*

Marcusreeses1@outlook.com
Marcus E. Adams Jr Pro se.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of these Documents has been forwarded acceptable by law to the Defendant in accordance with Federal Rules of Civil Procedure on This 06th day of September, 2022

**McKIBBEN, MARTINEZ, JARVIS & WOOD, L.L.P.**
555 N. Carancahua, Ste. 1100
Corpus Christi, Texas 78401-0841
Telephone: 361-882-6611
Fax: 361-883-8353

**Marcus E Adams Jr. pro se**
614 San Patricio Ave.
Taft, Texas. 78390
O 361.815.6725
C 361.815.8724
marcusreeses1@outlook.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MARCUS E ADAMS** Pro se | § | |
| **Vs.** | § | **CASE NO.** |
| **THE CITY of TAFT** | § | |
| **Melissa Gonzalez** officially *and individually* | § | **JURY DAMAND** |
| **Joe Sandoval** *officially and individually* | § | |

## WRIT OF ATTACHMENT

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Plaintiff, Marcus E. Adams, filing this original Writ of Attachment, and bringing this action against the City of Taft, Public Works Director *Mary* and *Joe Sandoval individually*, as said Defendant[s] have assaulted and aggravated assaulted, the Plaintiff[s] in a public forum, public place and at the city council meeting in Taft, Texas. The Defendant[s] has a history of hateful and outrageous behavior, "*thus*," violating civil rights laws of the United States of America and/ or the State of Texas.

### JURISDICTION AND VENUE

This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) 28 U.S.C. § 1332. This court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear the state claims that will be set forth in this complaint. Venue is proper in the Southern District of Texas, Corpus Christi Division, as this is the district where the claim arose in accordance to U.S.C. § 1391(b). This Court has jurisdiction over Plaintiff's related state and common law claims pursuant to the doctrine of supplemental

jurisdiction, 28 U.S.C. § 1367. This Court has personal jurisdiction over Defendant[s] because these unlawful acts were purposefully supported by criminal activity. This Court also has jurisdiction over this matter pursuant to Title VIII (Rules 64-71) for the reason that the amount in controversy exceeds the jurisdictional minimum of this court, exclusive of costs and interest, and for the reason that one or more Defendants are residents of the State of Texas, maintain their principal place of business in Texas and/or are doing business in the State of Texas. 3.2 Venue is proper in San Patricio County under Texas Civil Practice and Remedies Code § 61.001 because the violation in question giving rise to Plaintiffs' claim occurred in San Patricio County.

## 28 U.S. Code § 3102 - Attachment

### (a) PROPERTY SUBJECT TO ATTACHMENT. —

(1) Any property in the possession, custody, or control of the debtor and in which the debtor has a substantial nonexempt interest, except earnings, may be attached pursuant to a writ of attachment in an action or proceeding against a debtor on a claim for a debt and may be held as security to satisfy such judgment, and interest and costs, as the United States may recover on such claim.

(2) The value of property attached shall not exceed the amount by which the sum of the amount of the debt claimed by the United States and the amount of interest and costs reasonably likely to be assessed against the debtor by the court exceeds the aggregate value of the nonexempt interest of the debtor in any—

(A) property securing the debt; and

(B) property garnished or in receivership, or income sequestered, under this subchapter

property garnished or in receivership, or income sequestered, under this subchapter.

(b) AVAILABILITY OF ATTACHMENT.—If the requirements of section 3101 are satisfied, a court shall issue a writ authorizing the United States to attach property in which the debtor has a substantial nonexempt interest, as security for such judgment (and interest and costs) as the United States may recover on a claim for a debt—

(1) in an action on a contract, express or implied, against the debtor for payment of money, only if the United States shows reasonable cause to believe that—

(A) the contract is not fully secured by real or personal property; or

(B) the value of the original security is substantially diminished, without any act of the United States or the person to whom the security was given, below the amount of the debt;

(2) in an action against the debtor for damages in tort;

(3) if the debtor resides outside the jurisdiction of the United States; or

(4) in an action to recover a fine, penalty, or tax.

## RULE 64- Seizing a Person or Property

(a) **Remedies Under State Law—In General.** At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.

(b) **Specific Kinds of Remedies.** The remedies available under this rule include the following—however designated and regardless of whether state procedure requires an independent action:

(c) **ISSUANCE OF WRIT; CONTENTS.** —

(1) Subject to subsections (a) and (b), a writ of attachment shall be issued by the court directing the United States marshal of the district where property described in subsection (a) is located to attach the property.

(2) Several writs of attachment may be issued at the same time, or in succession, and sent to different judicial districts until sufficient property is attached.

(3) The writ of attachment shall contain—

(A) the date of the issuance of the writ;

(B) the identity of the court, the docket number of the action, and the identity of the cause of action;

(C) the name and last known address of the debtor;

(D) the amount to be secured by the attachment; and

(E) a reasonable description of the property to be attached.

- *arrest;*
- *attachment;*
- *garnishment;*
- *replevin;*
- *sequestration; andother corresponding or equivalent remedies.*

- Account #62354

- Customers name: Jose M Sandoval Jr and Mary Alice
- Address :109 Hancock Odem, Tx 78370-4337
- Legal description: Odem south blk 3 LTS 27-b &NW ½ LT 27-C

- Account #43762

- Customers name: Mary Alice Sandoval
  Address: 10295 CR 2369
- Legal description: 128x145 53 Sec 1, Paul Sub-Weld ER .43 acre

- Account #110207

- Customers name: Jose Sandoval Jr
- Address: none
- Legal description: Business trailer-2010 Big E tex Trlr
- VIN 16vpz1820a2345304

- Account #1033841

- Customers name: Jose M Sandoval JR
- Address: CR 2415
- Legal description: Middle PT Lt 20 Morgan Farm

- Account #42150

- Customers name: Jose M Sandoval Jr
- Address: 7789 CR 2415
- Legal description: N PT of N/2 Morgan farm blks